Benny E. BELL, et ux., Petitioners,

v.

Bobby L. MEEKS, Individually and
d/b/a Barco, Respondent.

No. C–5680.

Supreme Court of Texas.

Feb. 18, 1987.

Rehearing Denied March 25, 1987.

Ronald H. Clark, Henderson, Bryant &
Wolfe, Sherman, for petitioners.

Joseph W. Stewart, Martin T. Bode and
Steven R. Pierret, Joseph W. Stewart, P.C.,
Arlington, for respondent.

OPINION

RAY, Justice.

This cause arises under the Deceptive
Trade Practices-Consumer Protection Act
as amended in 1973 and 1975.  The Bells
originally brought suit against Meeks seek-
ing recovery on theories of negligence and
express and implied warranties.  On the
last day of the jury trial, and after all the
evidence was in, the Bells sought to amend
their pleadings to include a claim for dam-
ages under the D.T.P.A. on the theory of
misrepresentation.  After the jury answer-
ed special issues the Bells reurged their
trial amendment and this time the trial
court allowed it and rendered judgment in
favor of the Bells.  The court of appeals
reversed the trial court's judgment and
rendered a take nothing judgment against
the Bells.  710 S.W.2d 789.  The Bells com-
plain that the court of appeals erred in
·holding that the trial court abused its dis-
cretion in granting a trial amendment alleg-
ing misrepresentation under the D.T.P.A.,
when Plaintiffs had previously pleaded a
breach of warranty under the D.T.P.A.
arising out of the same transaction.  We
agree.

The amendment was properly granted
under Tex.R.Civ.P. 67 because the issue of
misrepresentation was tried by consent.

Meeks did not object to the admission of evidence supporting the trial amendment and we fail to see how the issue of misrepresentation would have been tried differently from the warranty issues. Defendant's reliance on the limitations defense is not persuasive and he has failed to show that the trial court abused its discretion in granting the trial amendment. The complaint that no issue of misrepresentation was submitted to the jury is without merit. The evidence of misrepresentation was uncontroverted and Meeks failed to object, on the ground of lack of pleadings, to the remaining special issues supporting judgment on the issue of misrepresentation. Therefore, the trial court did not abuse its discretion. Since the trial amendment and the evidence support the judgment of the trial court, we need not address the Bells' remaining points. We reverse the judgment of the court of appeals and affirm that of the trial court.