**CENTROPLEX FORD, INC., Appellant,**

v.

**David KIRBY and Beth Kirby, Appellees.**

**No. 3–87–007–CV.**

Court of Appeals of Texas, Austin.

Sept. 9, 1987.

262

Pierre A. Kleff, Jr., Killeen, for appellant.

Jerry Scarbrough, Killeen, for appellees.

Before SHANNON, C.J., and BRADY and ABOUSSIE, JJ.

BRADY, Justice.

Centroplex Ford appeals from a judgment awarding damages for breach of warranty arising out of an auto repair. The suit was brought under the Texas Deceptive Trade Practices and Consumer Protection Act, (hereafter referred to as DTPA), Tex.Bus. & Com.Code Ann. § 17.50, *et seq.* (Supp.1987) and was tried to a jury. The jury awarded appellees, David Kirby and his wife, $28,500.00 plus attorney's fees. Appellant argues seven points of error asserting there were both jury and judicial

misconduct, that an incorrect measure of damages was applied, and that there was insufficient evidence to support both the finding of breach of warranty and the awards of damages for mental anguish and attorney's fees. We affirm.

In July of 1985, the Kirbys' new Ford automobile was damaged and taken to appellant's dealership for repair. The dealer represented that the vehicle could be repaired and back in service in six weeks. In actuality, the car was not repaired for nearly six months. As a result of this delay, the Kirbys filed suit seeking damages for breach of warranty, the cost of a rental car and mental anguish.

At trial, the jury found for the Kirbys. Specifically, the jury found that appellant represented that the repair would take six weeks and that the failure to complete the work in this time period was a producing cause of the damages to the Kirbys. The jury also found the representation and failure to complete the repair timely was an unconscionable course of action. Finally, the jury found that appellant expressly warranted that the repairs would make the Kirby's car "like a new one" and that the car was not restored in the warranted fashion nor was the work done in "a good workmanlike manner."

■■■ Appellant's first point of error complains of jury misconduct. Appellant asserts that one of the jurors, a psychologist, gave his professional opinion that one of appellant's witnesses was lying. The evidence also showed that the offending juror was admonished by the foreman for indulging in that sort of discussion. In order to obtain a new trial on the basis of jury misconduct, the appellant "must establish not only that the misconduct occurred, but also that it was material misconduct, and that based on the record as a whole, the misconduct probably resulted in harm to the complaining party." *Strange v. Treasure City*, 608 S.W.2d 604, 606 (Tex. 1980). Whether an act of jury misconduct occurred is a question of fact for the trial court, and if there is conflicting evidence on the issue, the finding of the trial court is binding on appellate review. *Id.* Given the conflicting nature of the evidence as to whether the juror's attempt to offer an improper opinion was harmful, we must defer to the trial court's determination and affirm the refusal to order a new trial.

■■■ Appellant also complains of judicial misconduct asserting the judge called his attorney a liar in front of the jury and threatened him with contempt. However, no record of this event appears in the statement of facts before us; thus, no error is preserved for review. This point is overruled.

■■■ Appellant further charges the court reporter with nonfeasance for allegedly failing to make a record of the bench proceedings. Again, there is nothing in the record before us to demonstrate that such error or misconduct occurred. Under Tex. R.App.P.Ann. 50(d) (Supp.1987), "[t]he burden is on the appellant, or other party seeking review, to see that a sufficient record is presented to show error requiring reversal." If the court reporter refused to perform his duty, appellant had other means to bring a record of such error before this Court, including perfection of a formal and/or "bystander's" bill of exceptions under Tex.R.App.P.Ann. 52(c) (Supp. 1987). Without a record, there is nothing to review.

■■■ In its second point of error, appellant asserts that the trial court charged the jury on the improper measure of damages when he allowed them to consider the amounts expended by the Kirbys in renting a replacement car. The recent case of *Kish v. Van Note*, 692 S.W.2d 463, 466 (Tex.1985) held that the DTPA permits an injured consumer to recover actual damages caused by a deceptive trade practice, including related and reasonably necessary expenses. Furthermore, although this particular type of loss of use damages has not been directly approved by the Texas Supreme Court, the cost of renting a car has been held recoverable as actual damages under the DTPA by other courts of appeals. See *e.g. Bob Robertson, Inc. v. Webster*, 679 S.W.2d 683, 690 (Tex.App. 1984, no writ); *North Star Dodge Sales,*

*Inc. v. Luna,* 672 S.W.2d 304, 306 (Tex. App.1984, writ dism'd); *Hyder-Ingram Chevrolet, Inc. v. Kutach,* 612 S.W.2d 687, 689 (Tex.App.1981, no writ). We hold the reasonable expenses incurred in procuring alternative transportation were properly recoverable under the DTPA as actual damages for loss of use.

Appellant's third point of error attacks the jury's findings on breach of warranty and unconscionable conduct on grounds that appellant "was not ultimately responsible for delays and made a good faith effort to repair the automobile." We assume this point of error challenges the sufficiency of the evidence to support the jury's findings. In determining an "insufficient evidence" point of error, the reviewing court must consider and weigh all the evidence, both in support of and contrary to the judgment, and may set aside the judgment only if the findings are so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

■ The evidence presented at trial supports the jury's findings. Although there was some evidence of appellant's good faith and inability to obtain parts, the jury had before it evidence that appellant repeatedly asserted the car would be repaired in six weeks, that the car was not repaired for six months, that appellant warranted the car would be repaired "like a new one," and that the work eventually performed by appellant was not done in a good workmanlike manner. As trier of fact, the jury is the sole judge of the credibility of the witnesses and may accept or reject the evidence presented to it. *Brown v. Armstrong,* 713 S.W.2d 725, 729 (Tex. App.1986, writ ref'd n.r.e.). Because the jury found both a breach of an express warranty and an unconscionable course of action, they apparently elected to reject appellant's allegedly exculpatory evidence. From a review of the record, we cannot say that these findings were unsupported by factually sufficient evidence. Appellant's third point is overruled.

■ In its fourth point of error, appellant complains the trial court erroneously awarded damages for mental anguish because there was no showing of "an intentional tort, gross negligence, wilful or wanton misconduct, or accompanying physical injury." At the outset, we recognize that damages for mental anguish have been allowed under the DTPA. *See Woods v. Littleton,* 554 S.W.2d 662, 671–2 (Tex. 1977). Secondly, the jury found that appellant engaged in an unconscionable course of action which, under appellant's asserted requirements for mental anguish damages, would surely qualify as wanton misconduct. Finally, the Texas Supreme Court has recently held proof of physical injury is no longer required in order to recover for infliction of mental anguish. *St. Elizabeth Hospital v. James Garrard,* 730 S.W.2d 649 (Tex.1987). Appellant's fourth point of error is overruled.

■ Appellant's fifth point of error complains there was no evidence to support the award of attorney's fees. In reviewing a "no evidence" point of error, the reviewing court considers only the evidence which, when viewed in its most favorable light, supports the finding; all contrary evidence and inferences must be disregarded. *Glover v. Texas Gen. Indem. Co.,* 619 S.W.2d 400, 401 (Tex.1981). The evidence on attorney's fees consisted of the testimony of attorney David Fernandez of Bell County. He stated that thirty hours of work and a fee of $100 per hour would be reasonable for a DTPA case such as this one. He further stated that $3,000 was a reasonable amount for an appeal to the Court of Appeals, and an additional $3,000 would be a reasonable fee for further appeal to the Supreme Court of Texas. The jury awarded attorney's fees in these amounts. We hold there was sufficient evidence to support the award.

■ The sixth point of error complains of the award of prejudgment interest because the award was not supported by pleadings and that the rate was contrary to statute. While a right to recover prejudgment interest must be supported by a specific pleading for that relief, *Vidor Wal-*

*green Pharmacy v. Fisher,* 728 S.W.2d 353 (Tex.1987), appellant failed to bring this matter to the attention of the trial court by a proper objection; therefore, we hold any error was waived. Tex.R.App.P.Ann. 52(a) (1987); *Pirtle v. Gregory,* 629 S.W.2d 919, 920 (Tex.1982).

Appellant further complains that the award of 10% interest was improper because Tex.Rev.Civ.Stat.Ann. art. 5069–1.03 (1987) provides that the rate shall be 6% per annum. We note, however, that the appellant made no objection to this award at the trial level. Because this alleged error was not brought to the attention of the trial court, any error in applying this rate of interest was waived. *Employers Cas. Co. v. Peterson,* 609 S.W.2d 579, 590 (Tex.Civ.App.1980, no writ).

Finally, appellant alleges that the trial court erred in allowing a post-verdict trial amendment which permitted appellees to add a prayer for mental anguish. Evidence of mental anguish was presented and the issue was submitted to the jury without objection by appellant. It appears from the motion that the amendment was intended merely to conform the pleadings to the verdict. Since the issue was tried by consent, we see no error in permitting this amendment. *Bell v. Meeks,* 725 S.W.2d 179 (Tex.1987).

The judgment of the trial court is affirmed.