**Thomas Peter ROEBUCK, Jr., Appellant,**

v.

**Winnie Raquel HORN, Appellee.**

No. 09–01–384 CV.

Court of Appeals of Texas, Beaumont.

Submitted March 28, 2002.

Decided April 18, 2002.

Geo Michael Jamail, Beaumont, for appellant.

Rick Carrasco, Rick Carrasco & Associates, P.L.L.C., Beaumont, for appellee.

Before BURGESS, GAULTNEY and HILL,[1] JJ.

## OPINION

JOHN HILL, Justice (Assigned).

Thomas Peter Roebuck, Jr. appeals from the entry of a turnover order and the appointment of a receiver. He presents the following five issues: (1) Did the trial court abuse its discretion in entering the turnover order when Winnie Raquel Horn, the appellee, produced no evidence that he had any asset subject to turnover?; (2) Did the trial court abuse its discretion in entering the turnover order when the order does not address any of Roebuck's specific assets?; (3) Did the trial court abuse its discretion in entering the turnover order when the order requires turnover of assets owned in whole or in part by third parties?; (4) Did the trial court abuse its discretion in granting the receiver powers of a master in chancery and by only requiring a bond of $100?; and (5) Did the trial court abuse its discretion in ordering the production of all of the documents in a request for production attached to the order? We reverse the turnover order and remand to the trial court for further proceedings consistent with this opinion.

Horn obtained a judgment against Roebuck in excess of $76,000. Concluding that she would not be able to recover the judgment through execution, Horn sought and received a turnover order and the appointment of a receiver. Roebuck asserts in

---

1. The Honorable John Hill, sitting by assignment pursuant to TEX. GOV'T CODE ANN. § 74.003(b) (Vernon 1998).

issues one, two, and three that the trial court abused its discretion in entering the turnover order because there was no evidence that he had any asset subject to turnover, because the order is invalid and illegal on its face, and because the order requires turnover of assets owned in whole or in part by third parties.

■■■ We are required to review the trial court's turnover order under an abuse of discretion standard. *See Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex.1991). Whether there is evidence to support the turnover award is a relevant consideration in determining if the trial court abused its discretionary authority in issuing the order. *Id.* A trial court may be reversed for abusing its discretion only when the court of appeals finds the court acted in an unreasonable or arbitrary manner or that it acted without reference to any guiding rules and principles. *Id.* Accordingly, we may not reverse for abuse of discretion merely because we disagree with the trial court's decision if the decision was within the trial court's discretionary authority. *Id.* A trial court's issuance of a turnover order, even if predicated upon an erroneous conclusion of law, will not be reversed for abuse of discretion if the judgment is sustainable for any reason. *Id.*

■■ At the hearing on the turnover order, evidence was presented that non-exempt property owned by Roebuck consisted of $1200 cash in a bank account; an old pickup truck; "some motorcycles;" 28% interest in his law firm, a professional corporation; and an undisclosed interest in the leasing company through which his law firm leases its building. Also before the court was Roebuck's deposition in which he indicated that he has a one-third interest in the building.

■■ A trial court abuses its discretion if it signs a turnover order that does not identify specific non-exempt property subject to the order. *Burns v. Miller, Hiersche, Martens & Hayward, P. C.*, 948 S.W.2d 317, 324 (Tex.App.-Dallas 1997, writ denied). In its order in this case, the trial court did not make any specific reference to the assets that were proved during the hearing; rather, it included a laundry list of possible assets stated in broad categories. Referring to these broad categories, Horn argues that the order is specific. She refers to the following examples: (1) the order refers to "books," which would include Roebuck's interest in his law firm's library; (2) the order refers to "stocks," which would include Roebuck's shares in the law firm and the leasing company from which the law firm leases its building; (3) the order refers to "titles to automobiles," which would include Roebuck's "old pickup truck;" (4) the order refers to "cash," which would include the $1200 in a bank account; (5) the order refers to "other vehicles," which would include Roebuck's children's motorcycles; (6) the order identifies "real property/deeds to real property," which would include Roebuck's interest in the building occupied by his law firm. A reference to broad categories of assets does not constitute a reference to specific assets that is required in a turnover order. We also note that the order makes reference to numerous generalized categories of assets without any supporting proof as to their ownership by Roebuck.

■■ Roebuck also contends that the order requires turnover of assets owned in whole or in part by third parties. As an example, the order confers upon the receiver:

... all the power and authority to take possession of all non-exempt property of THOMAS PETER ROEBUCK, JR.

that is in the actual or constructive possession or control of Respondent, including but not limited to all property incidental to or associated with the daily operation of any business owned in whole or in part by Respondent, including but not limited to all cash, accounts receivable, notes receivable, promissory notes, drafts and checks, monies on deposit in financial institutions, financial accounts (bank accounts), certificates of deposit, money market accounts, accounts held by any third party, stocks, all securities, all real property, deeds to real property, titles to automobiles or other vehicles, boats, planes, all safety deposit boxes or vaults and the contents therein, monies received by the Respondent in the form of checks, cash or credit card payments or receipts; any and all causes of action or choices of action, contract rights whether present or future; and all furniture, fixtures, equipment, supplies and inventory and all documents, books and records related to any of the herein described property (including financial records) that is in the actual or constructive possession or control of Respondent and/or in connection with any business owned in whole or in part by Respondent or any other business wholly or partially owned by Respondent. . . .

The evidence at the hearing shows that Roebuck owns a 28% interest in the professional corporation of which he is an employee. The order as noted above is not sufficiently limited to seizure of Roebuck's interest in law firm property, but appears to allow the seizure of any or all law firm property in the general categories listed because Roebuck is a part owner of the firm. The law firm was not served nor did it make an appearance at the turnover hearing. The turnover procedure contemplates the presence of third parties where their interests may be involved. *See*

*Schultz v. Fifth Judicial Dist. Court of Appeals at Dallas*, 810 S.W.2d 738, 740 (Tex.1991).

Horn denies that the turnover order requires turnover of assets owned by third parties, noting that Roebuck's shares in the P.C. and leasing company may be reached by turnover, that the order makes no mention of third parties, and that the receiver is to take possession of all non-exempt property of Roebuck. As previously noted, the order is not limited to Roebuck's shares in the P.C. and leasing company. While Roebuck's law firm is not mentioned by name and the receiver is to take possession of Roebuck's non-exempt property, the order defines his non-exempt property to include virtually any property belonging to the law firm because it is a business wholly or partially owned by Roebuck.

Horn relies upon the case of *Childre v. Great Southwest Life Ins. Co.*, 700 S.W.2d 284 (Tex.App.-Dallas 1985, no writ), for the proposition that corporate stock is not exempt from attachment, execution, or seizure. She relies upon the case of *Norsul Oil & Mining Ltd. v. Commercial Equip. Leasing Co.*, 703 S.W.2d 345, 349 (Tex. App.-San Antonio 1985, no writ), for the proposition that a third party can be ordered, in a turnover proceeding, to deliver corporate shares in its possession upon a finding that the judgment debtor is the owner of the shares and the case of *Schultz*, 810 S.W.2d at 740, a case to which we have previously referred, for the proposition that a turnover order may be against parties other than the judgment debtor and act as a mandatory injunction against third parties interested in the property rights being adjudicated. Horn fails to mention that Norsul, the third party in *Norsul*, was a party in the underlying proceeding, whereas in this case neither the professional corporation nor the leas-

ing company is a party. *Norsul Oil & Mining Ltd.*, 703 S.W.2d at 346. As previously noted, we construe *Schultz* as indicating that third parties may be involved in turnover proceedings, not that their rights may be affected in their absence. The case at bar is distinguishable from these cases relied upon by Horn because the turnover order makes no specific reference to any shares of stock in the professional corporation or the leasing company that might be owned by Roebuck, but it does refer in general categories to other types of property that are owned by those entities without those entities being a party to the turnover proceeding. We do not find any of these authorities to be inconsistent with our opinion.

Horn also relies upon the case of *Newman v. Toy*, 926 S.W.2d 629, 630–31 (Tex. App.-Austin 1996, writ denied), in support of her suggestion that a debtor might be ordered to deliver to a receiver all of his or her stock in a professional corporation and all payments received by the debtor for the corporation, as well as her suggestion that there might be a provision in an order requiring delivery of the corporation's monthly receipts to the receiver. Horn fails to mention that the basis for the court's conclusion as to those matters was that the professional corporation in question was wholly owned by the judgment debtor. *Id.* at 631. In the case at bar, the record reflects that neither the professional corporation nor the leasing company are wholly owned by Roebuck. We overrule issue one and sustain issues two and three.

 Roebuck insists in issue four that the trial court erred by appointing the receiver as a master in chancery and by setting the receiver's bond in the amount of $100. In its order, the trial court gave no reason for the necessity of appointing a master in chancery. The order provided the following powers to the master:

... the fullest and broadest powers under the Rule including but now [sic] limited to: (a) ordering the production before him/her of evidence including documents upon all matters pertaining to Respondent's compliance with this Order; the assets, location of assets, value of assets and all other financial matters pertaining to Respondent and Respondent's assets including the amount of money Respondent may need on a periodic basis to continue Respondent's business or to provide for dependents; (b) schedule hearings and direct all parties and witnesses to give testimony at such hearings and to rule on the admissibility of evidence at such hearings and direct all parties and witnesses on oath and examine them under oath.

It appears that the appointment of the master was made by the trial court, without a request by either party, due to the broadness of the court's order as related to the assets of Roebuck and his law firm. Upon remand, when considering a new turnover order in accordance with this opinion, the trial court may again consider whether the receiver should be appointed a master in chancery. We assume that in making such a determination the trial court will consider the principles stated in *Simpson v. Canales*, 806 S.W.2d 802, 811–12 (Tex.1991), which discusses the limited occasions that might justify the appointment of such a master. Further, the trial court should consider whether the receiver acting as a master would present a conflict of interest. Also upon remand, while the trial court may consider the appellant's request that the bond for the receiver be increased, it should do so in light of the principles stated in *Childre*, 700 S.W.2d at 289, which discusses the appropriateness of no bond or a nominal bond for receivers in turnover orders. In view of the remand, we need not decide issue four.

Roebuck argues in issue five that the trial court erred in ordering the production of all of the documents in a request for production attached to the order. He argues the request constituted a discovery motion for production under Rule 621a, which under the terms of the rule is to be brought in the same suit in which the judgment was rendered. *See* Tex.R. Civ. P. 621a. He contends the trial court could not consider the request inasmuch as the application for turnover was not filed in the same suit as that in which the judgment was rendered. Horn argues the trial court was not ordering production in accordance with Rule 621a, but was ordering Roebuck to turn over documents or records related to the non-exempt property that he was required to turn over to the receiver. As was the turnover order to which it is attached, the list of documents to be produced is very broadly drawn. Given that fact, and the fact that the turnover order did not specify the property to be turned over, it does not appear the documents ordered to be produced were limited to those related to specific non-exempt property that Roebuck was required to turnover. We know of no authority for the trial court in an application for turnover, which is not filed in the same suit as the underlying judgment, to order production of documents not related to specific non-exempt property that the debtor has been ordered to turn over. We sustain issue five.

We reverse the turnover order and remand to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.