COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

D.R. BEELER, BEVERLY ANN
BEELER, AND DONALD R. BEELER,
JR.,

      Appellants/Cross-Appellees,

v.

WILLIAM CRUSE FUQUA,

      Appellee/Cross-Appellant.

§
§
§
§
§
§
§
§

No. 08-10-00016-CV

Appeal from the

88th Judicial District Court

of Hardin County, Texas

(TC# 41,569)

## **O P I N I O N**

This cross-appeal arises from protracted litigation concerning certain real property in

Hardin County, Texas.  D.R. and Beverly Ann Beeler (the "Beelers"), along with their son,

Donald R. Beeler, Jr. ("Donald"), appeal from the trial court's decision holding the Beelers in

contempt and ordering Donald to pay damages.  William Cruse Fuqua appeals from the trial

court's denial of his request for turnover relief.[1]

For almost ten years now, the Beelers and Fuqua have been involved in litigation

regarding the ownership and possession of certain parcels of the W.W. Cruse Subdivision in

Hardin County.  In September 2001, Fuqua brought a trespass to try title action against the

Beelers.  The trial court granted a partial summary judgment in favor of Fuqua, concluding as a

matter of law that he was the record owner of the parcels.  The Beelers' claim of adverse

---

[1] Fuqua died during the course of the litigation.  Although the executor of his estate,
Donald Jock Hendrichs, has represented the estate in this litigation since Fuqua's death, we will
refer to this party as "Fuqua" for the sake of simplicity.

possession was submitted to the jury, which found that adverse possession had not been established. The trial court's final judgment incorporated the jury's finding regarding adverse possession and stated:

> It is offered [sic], adjudged and decreed that the plaintiff, William Cruse Fuqua, M.D. recover of and from the defendants, D.R. Beeler and Beverly Ann Beeler, full title and possession of the land described as follows:
>
> An undivided 1/6 ownership in and to Lots 3 thru [sic] 24 inclusive, except the 2.16 acres off of the north half of Block 8, W.W. Cruse Subdivision, Thomas A. Hughes Survey, Abstract 265, Hardin County, Texas.

The final judgment further provided that:

1. D.R. Beeler and Beverly Ann Beeler recover nothing of and from William Cruse Fuqua, M.D.

2. The District Clerk of Hardin County, Texas deliver to William Cruse Fuqua, M.D. the $3946.20 in the registry of the court in this cause, plus interest, if any.

.        .        .

4. William Cruse Fuqua is awarded possessions [sic] of the land herein recovered with the right to remove fences as he sees fit, from the land recovered herein.

5. D.R. Beeler and Beverly Ann Beeler are permanently enjoined from going on the land described herein or interfering with the use and possession of said land by William Cruse Fuqua, M.D.

The Beelers appealed. *See Beeler v. Fuqua*, No. 09-03-344-CV, 2004 WL 1902535 (Tex.App.--Beaumont Aug. 26, 2004, pet. denied)(mem. op.). Among other things, they asserted that fourteen other persons or entities who have an undivided interest in the property were indispensable parties. *Beeler*, 2004 WL 1902535, at *1. The Beaumont Court of Appeals held that it was not necessary to join every person who claimed an interest in the property. *Id*. In

discussing this issue, the appellate court stated:

> Although appellants say the judgment did not divest them of only Fuqua's 1/6 undivided interest in the land, that, in effect, is what the following language in the judgment ordered:
>
>> 'It is offered [sic], adjudged and decreed that the plaintiff, William Cruse Fuqua, M.D. recover . . . from the defendants, D.R. Beeler and Beverly Ann Beeler, full title and possession of the land described as follows:
>>
>> An undivided 1/6 ownership in and to Lots 3 thru 24 inclusive, except the 2.16 acres off of the north half of Block 8, W.W. Cruse Subdivision, Thomas A. Hughes Survey, Abstract 265, Hardin County, Texas.'
>
> The trial court did not adjudicate the 5/6 interest not owned by Fuqua. *Id*.

The appellate court affirmed the final judgment. *Id*. at *5.

After the appellate court issued its opinion, but before it had ruled on the Beelers' motion for rehearing, Fuqua filed a petition to hold the Beelers in contempt for violating the injunction in the final judgment. The court refused to hold the Beelers in contempt while the appeal was pending.

After the Beelers' motion for rehearing and petition for review were denied by the higher courts, the parties resumed litigation in the trial court. Fuqua re-urged his motion for contempt and, in addition, filed a motion to obtain the money in the court's registry that had already been awarded to him in the final judgment.[2] At the hearing on these matters, the Beelers' attorney asserted that, pursuant to the appellate court's opinion, Fuqua was only entitled to 1/6 of the money in the court's registry. While rejecting that argument, the trial court noted that it was reluctant to hold the Beelers in contempt for actions they took while their appeals were pending.

---

[2] This money apparently represented the proceeds of timber that had been cut on the property.

However, the court made clear that the final judgment "resolved the title issue 100 percent in Fuqua and that the Beelers have no interest in the land." The trial court ordered that the money in the court's registry be delivered to Fuqua, but denied the petition for contempt.

The Beelers filed a motion for rehearing. Continuing to cite the appellate court's opinion, they argued that Fuqua was only entitled to 1/6 of the money in the court's registry because the appellate court stated that 5/6 of the title to the property had not been adjudicated. The trial court rejected this argument, denied the motion for rehearing, and ordered the Beelers to pay Fuqua $7,500 in attorney's fees if they unsuccessfully appealed this ruling.

Again the Beelers appealed. The appellate court held that it lacked jurisdiction because "[n]o appeal lies from a post-judgment order that is within the trial court's enforcement powers, not inconsistent with the original judgment, and does not materially change the substantive portions of the judgment." *Beeler v. Fuqua*, No. 09-07-358 CV, 2007 WL 2962799, at *1 (Tex.App.--Beaumont Oct. 11, 2007, pet. denied)(mem. op.).

Back in the trial court, Fuqua moved for an order requiring the Beelers to pay $7,500 in attorney's fees as a result of their unsuccessful appeal. The court granted the motion. The Beelers perfected another appeal from this order, but the appeal was dismissed because they failed to file a brief. *See Beeler v. Fuqua*, No. 09-08-00361-CV, 2008 WL 5501162 (Tex.App.--Beaumont Jan. 15, 2009, no pet.)(mem. op.).

Next, Fuqua filed a petition to obtain turnover relief and to hold the Beelers in contempt. Fuqua sought to obtain the previously awarded $7,500 in attorney's fees through an order requiring the sheriff to sell some of Beverly Ann Beeler's cattle. He also sought to have the Beelers held in contempt for violating the original final judgment. Fuqua additionally requested

-4-

that Donald be required to show cause why a fence on the property should not be removed. After an evidentiary hearing, the court entered a judgment denying the request for turnover relief. The court held, however, that the Beelers are collaterally estopped from claiming a 5/6 interest in the property through adverse possession. The court ordered the Beelers incarcerated for 180 days for constructive contempt. They could purge themselves of the contempt by removing all of their cattle from the property within seven days. The court awarded Fuqua $4,000 in attorney's fees for bringing the contempt petition. Finally, the court ordered Donald to remove any fences that he had erected on the property and to pay Fuqua $2,000 for damages to timber on the property. All of the parties appeal from this order.

Fuqua appeals the denial of turnover relief. By statute, a judgment creditor "is entitled to aid from a court . . . to reach property to obtain satisfaction on the judgment" if the property "cannot readily be attached or levied on by ordinary legal process" and "is not exempt from attachment, execution, or seizure for the satisfaction of liabilities." TEX.CIV.PRAC.&REM.CODE ANN. § 31.002(a)(West 2008). When presented with a request for turnover relief, a court "may" order the judgment debtor to turn over nonexempt property. *Id*. § 31.002(b)(1). "To obtain relief under the 'turnover statute,' . . . a judgment creditor must prove (1) the judgment debtor owns property . . . ; (2) the property is not exempt from attachment, execution, or seizure; and (3) the property 'cannot readily be attached or levied on or by ordinary legal process.'" *Moyer v. Moyer*, 183 S.W.3d 48, 52 (Tex.App.--Austin 2005, no pet.)(quoting § 31.002(a)).

The court does not have a ministerial duty to grant relief if all three of the requirements have been met. Rather, the statute gives the trial court discretion to grant turnover relief. *See Brink v. Ayre*, 855 S.W.2d 44, 46 (Tex.App.--Houston [14th Dist.] 1993, no writ); *see also*

*Barlow v. Lane*, 745 S.W.2d 451, 453-54 (Tex.App.--Waco 1988, writ denied)(holding that although subsection (a) of the statute uses the word "entitled," the use of the word "may" in subsection (b) makes the remedy discretionary). Consequently, we review the trial court's decision for an abuse of discretion. *See Beaumont Bank N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991)(reviewing order granting turnover relief); *TCAP Corp. v. Gervin*, 320 S.W.3d 549, 551 (Tex.App.--Dallas 2010, no pet.)(reviewing order denying turnover relief); *Roebuck v. Horn*, 74 S.W.3d 160, 163 (Tex.App.--Beaumont 2002, no pet.)(reviewing order granting turnover relief). Whether there is evidence to support the decision is a relevant consideration. *See Beaumont Bank, N.A.*, 806 S.W.2d at 226; *Roebuck*, 74 S.W.3d at 163. The ultimate question, however, is whether the court acted in an unreasonable or arbitrary manner or without reference to any guiding rules. *See Beaumont Bank N.A.*, 806 S.W.2d at 226; *Roebuck*, 74 S.W.3d at 163. We may not reverse for abuse of discretion simply because we disagree with the trial court's decision and we must affirm if the judgment can be sustained on any ground. *Beaumont Bank N.A.*, 806 S.W.2d at 226; *Roebuck*, 74 S.W.3d at 163.

At the evidentiary hearing, the Beelers testified that they had a bank account with Citizens Bank in Kountze, Texas. There was no evidence regarding the amount of money in the account. Fuqua also presented evidence that Barbara Ann Beeler owns sixteen cows.

Fuqua's sole issue on appeal is that the trial judge failed to "faithful [sic] perform his duties . . . by granting and helping [Fuqua] collect the fee in the previous judgment . . . by ordering the funds in the Citizens Bank of Hardin County [sic]." After the statement of the issue on appeal, Fuqua's brief includes a one-paragraph statement of the case, where he notes that "[t]here was evidence of money on deposit in Citizens Bank of Hardin County and a number of

cows by number of their brand. There was no exceptions [sic] made in the evidence or that these animals were not subject to execution." After the statement of the case, Fuqua provides a two-paragraph argument, where he quotes part of the turnover statute and another irrelevant statute and concludes that Fuqua was "entitled" to the court's "help." The brief does not address the applicable burden that Fuqua was required to meet, nor does it acknowledge that turnover relief is discretionary. Instead, the brief suggests that the trial court had a ministerial duty to grant turnover relief. The brief does not cite to the record and, other than the two statutes mentioned above, it does not cite any authority.

Because Fuqua has not adequately briefed his issue, he has not established that the trial court abused its discretion by denying turnover relief. *See* TEX.R.APP.P. 38.1(I); *Stewart v. Lexicon Genetics, Inc.*, 279 S.W.3d 364, 373 (Tex.App.--Beaumont 2009, pet. denied); *Velasquez v. Waste Connections, Inc.*, 169 S.W.3d 432, 436 (Tex.App.--El Paso 2005, no pet.).

Even if we overlooked the inadequacy of the brief, the record does not reflect that Fuqua presented any evidence that the property could not be attached or levied on by ordinary legal process. Accordingly, the trial court did not abuse its discretion in denying turnover relief. *See Moyer*, 183 S.W.3d at 52; *see also Gerdes v. Kennamer*, No. 13-06-175-CV, 2007 WL 1017518, at *2 (Tex.App.--Corpus Christi April 5, 2007, no pet.)(mem. op.); *Stephenson v. LeBoeuf*, Nos. 14-02-00130-CV & 14-02-00134-CV, 2003 WL 22097781, at *3 (Tex.App.--Houston [14th Dist.] Sept. 11, 2003, no pet.)(mem. op.); *Shelton v. Shelton*, No. 07-96-0050-CV, 1996 WL 560336, at *3-*4 (Tex.App--Amarillo Oct. 2, 1996, writ denied)(not designated for publication); *Sunbelt Sav., FSB v. Beadle*, No. 05-93-00869-CV, 1994 WL 679370, at *2-*3 (Tex.App.--Dallas Dec. 5, 1994, no writ)(not designated for publication). Fuqua's sole issue is overruled.

In their combined brief, the Beelers and Donald raise five issues. The first four issues relate to the contempt finding. They assert that (1) the original final judgment is fatally defective, (2) the Beelers are not collaterally estopped from claiming the remaining 5/6 interest in the property, (3) the contempt finding cannot be supported by the fatally defective original final judgment, and (4) the $4,000 attorney's fee award is not supported by any pleadings.

We lack jurisdiction over a direct appeal from a contempt order, even if the contempt order is appealed along with a judgment that is appealable. *See In re Office of Attorney Gen. of Tex.*, 215 S.W.3d 913, 916 (Tex.App.--Fort Worth 2007, orig. proceeding); *In re R.M.*, 224 S.W.3d 721, 721 (Tex.App.--El Paso 2006, no pet.). A contempt order must be challenged in an original proceeding. *In re B.A.C.*, 144 S.W.3d 8, 11 (Tex.App.--Waco 2004, no pet.).

The Beelers' third issue is a direct attack on the contempt finding. We lack jurisdiction over this issue. The Beelers' first and second issues, which assert that the original final judgment is fatally defective and that it does not collaterally estop them from claiming the remaining 5/6 interest in the property, are only relevant to the contempt finding. We lack jurisdiction over these issues as well. *See Hooper v. Hooper*, No. 14-09-01024-CV, 2011 WL 334198, at *1 (Tex.App.--Houston [14th Dist.] Feb. 3, 2011, no pet.)(mem. op.)(holding that certain rulings were not subject to direct appeal because they were only relevant to the contempt finding); *In re E.H.G.*, No. 04-08-00579-CV, 2009 WL 1406246, at *5 (Tex.App.--San Antonio May 20, 2009, no pet.) (mem. op.)("[Appellant's] second issue asserts that no clear, specific, and unambiguous order was contained in the decree that could be enforced by contempt. Such an issue, however, relates to a contempt finding which we do not have jurisdiction to consider."). Similarly, the trial court awarded the $4,000 in attorney's fees "on the Motion for Contempt." We therefore lack

jurisdiction over the fourth issue. *See Inner City Mgmt., Inc. v. City of Dallas*, No. 05-05-01618-CV, 2006 WL 242350, at *1 (Tex.App.--Dallas Feb. 2, 2006, no pet.)(mem. op.) ("A contempt order does not become appealable merely because it contains an award of attorney's fees as a sanction.").

In the final issue, Donald challenges the $2,000 in damages awarded against him. He points out that Fuqua's petition did not seek any damages from him. We have been unable to find any indication in the appellate record that Donald raised this issue with the trial court. Accordingly, the issue is overruled because it was not preserved for review. *See* TEX.R.APP.P. 33.1(a)(1); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 243 (Tex. 1985); *Centroplex Ford, Inc. v. Kirby*, 736 S.W.2d 261, 264-65 (Tex.App.--Austin 1987, no writ).

This appeal is dismissed as it relates to the finding of contempt. In all other respects, the trial court's judgment is affirmed.

August 3, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.