

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-16-00040-CV

___

HARI KRISHNA MALLELA, APPELLANT

V.

SUNEETHA MALLELA, APPELLEE

___

On Appeal from the 442nd District Court
Denton County, Texas
Trial Court No. 14-04122-211, Honorable Tiffany Haertling, Presiding

___

August 9, 2016

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

"It is the Court's judgment made on September 15, 2015, finding Appellant in contempt and issuing its order of enforcement from which Appellant has appealed to this Court," according to Hari Krishna Mallela (Hari). Hari further represents in his appellant's brief that his ex-wife Suneetha Mallela "brought an enforcement action against [him] on July 29, 2015, for allegedly failing to comply with the terms of [their] divorce decree." A hearing was conducted on the matter "on August 17, 2015" which resulted in the trial court finding "that the Appellant was in contempt for failing to comply

with the terms of the . . . decree on seven violations." Thereafter, it "signed the Enforcement Order on September 15, 2015," "suspended the punishment [levied] against [him] upon certain terms and conditions," and "ordered [Hari] to pay [Suneetha's] attorney's fees of $8,756.90 incurred . . . in bringing her enforcement petition and the costs of such action."[1]

Hari argues before us that "the trial court in this case failed to properly apply the standards of proof required of criminal contempt," that none ". . . of the . . . charges of contempt are sufficiently definite and specific so as to support a finding of contempt," "there is no proof from the Clerk's Record or the Reporter's Record that [he] knew what actions he needed to take in order to comply with the Court's Orders," and "[t]he trial court abused its discretion in awarding . . . attorney's fees of $8,756.90 . . ." due to "the unremarkable effort and time used to pursue [the] enforcement action." We dismiss for want of jurisdiction.

According to precedent of the Second Court of Appeals, "a contempt order is not a final, appealable judgment, and an appellate court has no jurisdiction over such an order." *In re N.Q.*, No. 02-09-00159-CV, 2010 Tex. App. LEXIS 5634, at *10-11 (Tex. App.—Fort Worth 2010, no pet.) (mem. op.).[2] "A contempt judgment may be attacked by a petition for writ of habeas corpus (if the contemnor is confined) or a petition for writ of mandamus (if no confinement is involved) . . . [but] because a contempt order is not a

---

[1] The trial court ". . . ORDERED that punishment for each of the following separate violations: Violation 1, Violation 2, Violation 3, Violation 4, Violation 5, Violation 6, and Violation 7 is confinement in the county jail of Denton County, Texas, for a period of thirty (30) days." Then it ". . . ORDERED that commitment is suspended and probated for a period of six (6) months . . ." conditioned on terms also specified in the order.

[2] Because the appeal was transferred to this court from the Second Court of Appeals, we apply the latter's precedent where available should no controlling precedent from a higher court exist. See TEX. R. APP. P. 41.3.

final judgment, a remedy by appeal does not lie." *In re Office of Atty Gen.*, 215 S.W.3d 913, 915-16 (Tex. App.—Fort Worth 2007, no pet.). Therefore, we have no jurisdiction, via this appeal from the enforcement order, to address Hari's issues concerning the legitimacy of the trial court's decision to hold him in contempt.

The same is true of Hari's complaint regarding the attorney's fees assessed against him. Their award relates to a contempt finding over which we lack appellate jurisdiction. Thus, we cannot consider it either. *Beeler v. Fuqua*, 351 S.W.3d 428, 434 (Tex. App.—El Paso 2011, pet. denied).

Accordingly, we dismiss the appeal for want of jurisdiction.[3]

Brian Quinn
Chief Justice

---

[3]Though both parties filed their respective appellate briefs, neither addressed the issue of jurisdiction. Nonetheless, we are obliged to assess our own authority to act, *sua sponte. Buffalo Royalty Corp. v. Enron Corp.*, 906 S.W.2d 275, 277 (Tex. App.—Amarillo 1995, no writ). The parties are free to file a timely motion for rehearing if they wish to contest our conclusion.