

# NUMBER 13-17-00651-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**JOSE JAIME RODRIGUEZ,**  **Appellant,**

**v.**

**THE STATE OF TEXAS,**  **Appellee.**

### On appeal from the 92nd District Court
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Contreras and Benavides**
**Memorandum Opinion by Chief Justice Valdez**

Appellant Jose Jaime Rodriguez has filed a notice of appeal regarding a judgment of contempt rendered against him on October 30, 2017 in trial court cause number C-4885-17-A in the 92nd District Court of Hidalgo County, Texas. On November 29, 2017, the Clerk of this Court notified appellant, by and through appointed counsel, that it appeared that there was no final appealable order in the case, and that the appeal would

be dismissed if the defect was not corrected within ten days. Appellant has not filed a response to the Court's directive.

An appellate court has the obligation to determine its own jurisdiction. *See Ramirez v. State*, 89 S.W.3d 222, 225 (Tex. App.—Corpus Christi 2002, no pet.); *Yarbrough v. State*, 57 S.W.3d 611, 615 (Tex. App.—Texarkana 2001, pet. ref'd); *see also Laureles v. State*, No. 13-13-00535-CR, 2014 WL 1669102, at *1 (Tex. App.—Corpus Christi Apr. 24, 2014, no pet.) (mem. op., not designated for publication). Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State,* 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). Exceptions to the general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161.

Further, we note that contempt orders, even if final, are not reviewable on direct appeal. *See Norman v. Norman*, 692 S.W.2d 655, 655 (Tex. 1985); *Tex. Animal Health Comm'n v. Nunley*, 647 S.W.2d 951, 952 (Tex. 1983); *Deramus v. Thornton*, 333 S.W.2d 824, 827 (Tex. 1960) (orig. proceeding); *Wagner v. Warnasch*, 295 S.W.2d 890, 893 (Tex. 1956); *Beeler v. Fuqua*, 351 S.W.3d 428, 433 (Tex. App.—El Paso 2011, pet denied). Contempt orders may be reviewed only by an application for a writ of habeas corpus, if

the contemnor has been confined, or by a petition for a writ of mandamus, if the contemnor has not been confined. *See Rosser v. Squier*, 902 S.W.2d 962, 962 (Tex. 1995); *Ex parte Williams*, 690 S.W.2d 243, 243 (Tex. 1985); *Chavira v. Quarry Hills Mgmt., LLC*, 458 S.W.3d 561, 565–66 (Tex. App.—El Paso 2014, pet. denied).

The Court, having examined and fully considered the documents on file and appellant's failure to respond to our defect notice, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a), (c).

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed this the
18th day of January, 2018.