**Charles J. BRINK, Appellant,**

v.

**Terry P. AYRE, et al, Appellees.**

**No. B14–91–01278–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 29, 1993.

Gerald E. Hopkins, Houston, for appellant.

David N. Gray, Terry P. Ayre, Houston, for appellees.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from the trial court's denial of turnover relief. In his single point of error, appellant contends the trial court abused its discretion in denying appellant turnover relief as authorized by TEX.CIV.PRAC. & REM.CODE ANN. § 31.002 (Vernon 1986). We affirm the decision of the trial court.

Appellee, Terry Ayre, and his wife, Dona Ayre, were divorced in December 1989. Appellant intervened in the divorce proceeding and obtained a judgment against appellee for $6,000.00. The divorce decree established a receivership in which appellee paid the receiver all of the money distributed to him by virtue of his partnership interest in his law firm. The receiver then divided the money between appellee and his wife, paid his expenses and the Ayre's 1986 federal income taxes, and then returned the balance to the Ayre's: 65% to appellee; 35% to Ms. Ayre.

On March 30, 1990, appellant filed an "Application for Turnover Relief," requesting that appellee or the receiver be ordered to pay, or turn over, to appellant, the $6,000 out of the balance of any money which the receiver returned to appellee. Appellant alleged that any funds in the 65% balance to be paid to appellee constituted non-exempt partnership income and was, therefore, subject to the judgment. Following a hearing, the trial court denied the turnover request.

 Appellant contends the trial court abused its discretion by denying the turnover relief. TEX.CIV.PRAC. & REM.CODE ANN. § 31.002 entitles a judgment creditor to aid from the trial court to reach non-exempt property to satisfy the judgment, if the property cannot be readily attached or levied upon by ordinary legal process. TEX. CIV.PRAC. & REM.CODE ANN. § 31.002 (Vernon 1986). A judgment creditor may show himself entitled to relief by establishing that the judgment debtor is the owner of the property, that the property could not readily be attached, and that the property is not exempt from attachment, execution, and every type of seizure. *Childre v. Great Southwest Life Ins. Co.,* 700 S.W.2d 284 (Tex.App.—Dallas 1985, no writ). The general rule is that current wages for personal service are exempt from attachment, execution and seizure for the satisfaction of debts. TEX.PROP.CODE ANN. § 42.001 (Vernon 1984). Once wages are received by the debtor, they cease to be current wages and are not exempt from attachment, execution or seizure for the satisfaction of liabilities. However, the rule is different with regard to attorney's fees. The term "current wages" implies a master and servant relationship. *Brasher v. Carnation Co.,* 92 S.W.2d 573 (Tex.Civ.App.—Austin 1936, writ dism'd). We have previously held that an attorney engaged in private practice is an independent contractor and does not receive current wages. *Hennigan v. Hennigan,* 666 S.W.2d 322, 325 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). Thus, attorney's fees are not current wages for purposes of the Turnover statute.

 Appellant argues that the balance of appellee's distribution which is returned to him after the receiver has paid the ordered expenses is non-exempt property. We agree. Appellee is a licensed attorney actively practicing law in Texas. Hence, his legal fees would not qualify as current wages. Furthermore, even assuming *arguendo* that his fees did satisfy the definition of current wages, once the receiver relinquishes control of the funds and returns them to appellee, they are no longer current wages, nor are they subject to the receivership. They belong to appellee to do with as he pleases. We perceive appellant's attack to be two-fold. First, he attacks the divorce decree itself insofar as it orders the transfer to the receiver of any of appellee's partnership income which accrued after December 1989, the date of the divorce decree. He asserts that appellant's partnership income after this date is separate property, and it is unconstitutional for the trial court to automatically divest Mr. Ayre of it in a divorce proceeding. In response, we point out that appellant was an intervening party in the divorce proceeding and if he objected to the trial court's

judgment, he should have challenged it by direct appeal. He neither objected to the trial court's action nor appealed the divorce judgment. Thus we lack jurisdiction to entertain a collateral attack on the final judgment.

In his second point of attack, appellant contends that under the Turnover statute he is automatically entitled to satisfy his money judgment from any funds remaining after the receiver paid the expenses and the federal income taxes in accordance with the divorce decree. A turnover of these remaining funds to satisfy the money judgment is, according to appellant, a ministerial act to be carried out by the judge. We disagree. Appellant did present some evidence to establish his entitlement to potential turnover relief as required by the statute. However, even though he presented evidence to show his entitlement to turnover relief, and showed that any remaining funds were non-exempt, the trial court is not automatically mandated to order a turnover of the funds.

Section 31.002, the Turnover Statute provides: "The court *may* order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control ..." (emphasis added). The language, therefore, is discretionary, as opposed to mandatory. And the requested turnover relief is directed to the sound discretion of the trial court. *Barlow v. Lane*, 745 S.W.2d 451 (Tex. App.—Waco 1988, writ denied). Thus, contrary to the implications made by appellant, such potential entitlement to relief does not relegate the granting of such to a ministerial act by the trial judge. *See Barlow*. We interpret the statute to mean that the trial court has the discretion to consider other relevant factors in deciding whether to grant, deny, or modify turnover relief. One relevant factor is the ability of the judgment debtor to meet his living expenses if the turnover relief is granted. Here, the trial judge, having presided over the divorce proceeding, was, to some extent, familiar with appellee Ayre's status. In fact, the trial court based some of his findings on papers in the divorce cause of action. Appellant, as the party seeking turnover relief, presented no evidence that there were any non-exempt funds remaining in excess of those necessary for Ayre to meet his reasonable and necessary living expenses. Nor did he cross-examine the receiver or the appellee as to the amount of funds remaining, or as to appellee's living expenses. The trial court specifically found that no evidence in this regard was presented. In our opinion, to show an abuse of discretion, the party seeking affirmative turnover relief, such as is involved here, should present *some* evidence that there are non-exempt funds existing in excess of the debtors reasonable and necessary living expenses. We think this interpretation is consistent with the discretionary tenor of the statute and analogous past decisions regarding personal income. *See Caulley v. Caulley*, 806 S.W.2d 795 (Tex. 1991); *Barlow*, 745 S.W.2d at 454.

In order to find an abuse of discretion, we, as an appellate court, must conclude that the facts and law permit the trial court to make but one decision. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916 (Tex.1985). We find that in light of permissive language of Sec. 31.002 and the facts of this case, the trial court could have decided the matter in favor of either party. Even if we might disagree with the trial court's decision on a discretionary issue, that does not make his or her decision an abuse of discretion. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1986). In fact, any disagreement we might have would simply highlight the discretionary nature of the issue. We find no abuse of discretion. Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.