Affirmed in Part and Reversed and Remanded in Part and Memorandum
Opinion filed September 11, 2003









Affirmed in Part and Reversed and Remanded in Part and
Memorandum Opinion filed September 11, 2003.

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00130-CV 

NO. 14-02-00134-CV

____________

 

CECIL B. STEPHENSON, JR., Appellant

 

V.

 

DIANN LEBOEUF, Appellee

 



 

On Appeal from the 189th District Court

Harris County, Texas

Trial Court Cause Nos. 94-39354,
85-66435-A

 



 

M
E M O R A N D U M   O P I N I O N








This
case involves not only an interpretation of a judgment issued by this Court,
but the judgment of a trial court.  It
also involves a separate garnishment/interpleader
action.  Appellant, Cecil B. Stephenson,
Jr., brings this appeal from two separate, but related, judgments below, one of
which was appealed to this Court several years ago.  The other action the post-judgment
garnishment/interpleader, was the subject of a writ
of injunction this Court issued.  We find
the trial court did not err in (1) interpreting our judgment and awarding
certain amounts to Stephenson and LeBoeuf from an
escrow account that was the subject of the first lawsuit, (2) denying
Stephenson=s turnover motion, or (3) granting Diann LeBoeuf=s
motion for summary judgment.  However, we
find the trial court erred in failing to grant Stephenson post‑judgment
interest.  Consequently, we affirm in
part, and we reverse and remand in part. 

DISCUSSION

Stephenson
raises four issues on appeal.  First, he
argues that the trial court erroneously interpreted this Court=s
previous judgment.  Second, Stephenson
complains that the trial court erred in denying his motion for a turnover
regarding an escrow account.  Third,
Stephenson contends that even if the trial court correctly interpreted this
Court=s
judgment, he still should have received post‑judgment interest on the
entire judgment.  Finally, he alleges
that the trial court erred by granting summary judgment and only awarding him
$6,530 of the escrow account.  The facts
of this appeal are well known to the parties, so we do not recite them in full
here.

I.       Correctly Interpreting the Judgment

First,
Stephenson complains the trial court incorrectly interpreted the judgment of
this Court.  He argues the trial court
should have held that both his $6,530 in damages and $44,400 in attorney=s
fees must be paid from the escrow account. 
We disagree.  To explain why we
disagree, we must look briefly at what happened in the trial court before the
first appeal.

In
the first trial, the jury determined that Stephenson should receive $6,530 from
the escrow account.  When that same jury
calculated attorney=s fees, it awarded Stephenson
$34,400 for trial and an additional $10,000 for an appeal.  The trial court disregarded the jury=s
findings and granted LeBoeuf=s
judgment notwithstanding the verdict that Stephenson take nothing.  Stephenson appealed to this Court.  When we interpreted the jury=s
findings and reviewed the trial court=s decision, we reversed the trial
judge=s
holding that Stephenson should not recover anything.  We stated the following in our opinion:








Therefore, we reverse the portion of
the judgment that Stephenson take nothing on his claim for the funds in the
escrow account and render judgment that Stephenson recover $6,530.00 of the
funds in the escrow account and modify the judgment so that LeBoeuf
recovers the remaining amount of the funds in the escrow account. . . .
Finally, we reverse the judgment awarding Stephenson no attorneys fees and
render that Stephenson recover attorney=s fees in the amount of $34,400.00
for trial, $10,000 in the event of an appeal to the court of appeals, and
$10,000 for appeal to the Texas Supreme Court. 

Stephenson
v. LeBoeuf,
16 S.W.3d 829, 845 (Tex. App.CHouston [14th Dist.] 2000, pet.
denied).  Our judgment Areiterated@
the directions we gave in our opinion:

We therefore order the judgment of
the court below REVERSED and RENDER judgment that appellee take nothing against appellant, Cecil B.
Stephenson, on her claims for breach of fiduciary duty, mental anguish,
exemplary damages, and attorney=s fees.  We further reverse and render judgment that
appellant recover $6,530 of the funds in the escrow account and $34,400 in
attorney=s
fees for trial, $10,000 for appeal to the court of appeals, and $10,000 for
appeal to the Texas Supreme Court.

We
did not order payment of attorney=s fees from the escrow account.  We overrule Stephenson=s
first issue on appeal.

II.      Motion to Turnover Escrow Funds

Second,
Stephenson complains that if the trial court correctly interpreted our
judgment, and we hold that it did, then the trial court erred by not granting
his motion for turnover.  We disagree.








When
a trial court grants or denies a turnover order we review the decision under an
abuse-of-discretion standard.  Tex. Civ. Prac. & Rem. Code Ann. '
31.002(b); Beaumont Bank v. Buller, 806 S.W.2d
223, 226 (Tex. 1991).  We may reverse a
trial court=s denial of an order only after
finding the order clearly arbitrary and unreasonable.  Simon v. York Crane & Rigging Co., 739
S.W.2d 793, 795 (Tex. 1987).  And,
appellant bears the burden of showing the trial court abused its
discretion.  See Clade
v. Larsen, 838 S.W.2d 277, 280 (Tex. App.CDallas 1992, writ denied).  To find the trial court abused its
discretion, we must conclude that the facts and law permit the trial court to
make but one decision.  Brink v. Ayre, 855 S.W.2d 44, 46 (Tex. App.CHouston
[14th Dist.] 1993, no writ).

A
turnover order is a discretionary remedy that, if granted by the trial court,
allows a judgment creditor access to the debtor=s property to satisfy the
judgment.  Tex. Civ. Prac. & Rem. Code Ann. '
31.002.  According to section 31.002, a
judgment creditor can reach non‑exempt property to satisfy a judgment if
the property cannot be readily attached by the legal process.  The creditor must show the trial court that
(1) the debtor owns the property, (2) the property cannot be readily attached,
and (3) the property is not exempt.  Tex. Civ. Prac. & Rem. Code Ann. '
31.002(a); Childre v. Great Southwest Life
Ins. Co., 700 S.W.2d 284, 288 (Tex. App.CDallas 1985, no writ).  Under this statute, the creditor has the
burden of proof.  Sloan v. Douglass,
713 S.W.2d 436, 441 (Tex. App.CFort Worth 1986, writ ref=d
n.r.e.).  Even
if the creditor establishes the three elements, a turnover order is a
discretionary remedy by a trial courtCnot mandatory relief.  See Brink, 855 S.W.2d at 46; Barlow
v. Lane, 745 S.W.2d 451, 453B54 (Tex. App.CWaco
1988, writ denied). 








For
a judgment creditor to prove these three elements, he must introduce more
evidence than just a motion for turnover. 
The statute requires a factual showing that the judgment debtor has non‑exempt
property that is not readily subject to ordinary execution. Schultz v. Fifth
Judicial Dist. Court of Appeals at Dallas, 810 S.W.2d 738, 740 (Tex.
1991).  In Bergman, the El Paso
court interpreted Schultz to require that the trial court have a
hearing, determine what specific assets are exempt and what assets are subject
to the court=s order, and then to direct the
payment as the court determines is proper. 
Bergman v. Bergman, 828 S.W.2d 555, 557 (Tex. App.CEl
Paso 1992, no writ).  Similarly, the
Beaumont court has held that one factor the trial court should consider is
whether evidence exists to support a turnover.  Roebuck v. Horn, 74 S.W.3d 160, 163 (Tex.
App.CBeaumont
2002, no pet.).  And, the Dallas
appellate court went so far as to find that when a trial court enters a
turnover order without hearing evidence, the trial court abuses its
discretion.  Williams v. Nat=l
Mortgage Co.,
No. 05‑94‑01529‑CV, 1995 WL 519445 (Tex. App.CDallas
Aug. 31, 1995, no pet.) (not designated for publication).

Here,
Stephenson did not present any evidence to the trial court regarding the second
prong, namely that the property could not be attached.  He did not request a hearing, and the trial
court did not conduct one.  Although the
jury clearly awarded the money in the escrow account to LeBoeuf,
nothing in the record reflects that these assets were not subject to a
post-judgment garnishment.  As a result,
it was not an abuse of discretion for the trial court to deny his motion for
turnover.

III.     Post‑Judgment Interest

Third,
Stephenson argues, even if the trial court correctly interpreted the judgment,
and we hold that it did, then he still should receive post‑judgment
interest on that judgment.  On the other
hand, LeBoeuf argues that since Stephenson did not
specifically plead post‑judgment relief, he should not receive it.  We disagree and award Stephenson post‑judgment
interest.








Previously,
the Legislature stated in the Revised Civil Statutes that A[a]ll judgments of the courts of this state based on a
contract . . . earn interest.@ 
Tex. Rev. Civ. Stat. Ann.
art. 5069‑1.05, ' 1 (Vernon 1987).  Texas then codified the civil statutes and
placed this provision in the Finance Code.  See generally Tex. Fin. Code Ann. ' 304.001; see also Act of May
24, 1997, 75th Leg., R.S., ch. 1008 '
1, 1997 Tex. Sess. Law Serv.
3435.  The legislative history proposed
that the old civil statute should be codified in the Finance Code with no substantive
change in the law.  Tex. Fin. Code Ann. '
1.001(a); Act of May 24, 1997, 75th Leg., R.S., ch.
1008, '
7 & preamble, 1997 Tex. Sess. Law Serv. 3091, 3603. However, the new codified statute lost
the mandatory language that all judgments would earn interest.  Instead, the statute instructs the trial
court to include the interest rate applicable to a judgment, and then provides
the formula in determining the correct interest rate.  Tex.
Fin. Code Ann. '' 304.001, 304.002, 304.003.  Even though the precise language is not
present, we find the intent of the legislature was for all judgments to earn
interest.

As
the Texas Supreme Court recently articulated, the purpose of post‑judgment
interest is not to punish a debtor for exercising his right to appeal.  Miga v.
Jenson, 96 S.W.3d 207, 212 (Tex. 2002). 
Instead, the interest is to compensate for a judgment creditor=s
lost opportunity to invest the money awarded as damages at trial.  Id. 
Many courts have held that post‑judgment interest is so
fundamental that the interest is recoverable even if the trial court=s
judgment does not reference the interest.  Jarrin v. Sam White
Oldsmobile Co., 929 S.W.2d 21, 25 (Tex. App.CHouston [1st Dist.] 1996, writ
denied); El Universal, Compania Periodistica Nacional, S.A. de
C.V. v. Phoenician Imports, Inc., 802 S.W.2d 799, 804 (Tex. App.CCorpus
Christi 1990, writ denied); Crenshaw v. Swenson, 611 S.W.2d 886, 892B93
(Tex. Civ. App.CAustin 1980, writ ref=d
n.r.e.).  In
fact, in reference to the previous statute, the Texas Supreme Court stated that
interest accrues automatically once a court renders its judgment.  Office of the Attorney Gen. of Tex. v. Lee,
92 S.W.3d 526, 528 (Tex. 2002) (emphasis added).








A
general prayer for relief will support an award of statutorily-authorized
interest.  See, e.g., Olympia Marble
& Granite v. Mayes, 17 S.W.3d 437, 441 (Tex. App.CHouston
[1st Dist.] 2000, no pet.).  In Olympia,
the court discussed this principle in a prejudgment interest case.  The First Court of Appeals held that even if
a personal injury plaintiff does not specifically plead prejudgment interest,
if the plaintiff=s claim falls within the scope of a
statute authorizing prejudgment interest, then the plaintiff is entitled to
prejudgment interest based on a claim for general relief alone.  Id. 
Accordingly, if the statute authorizes post‑judgment interest,
then a plea for general relief will suffice. 
See id.  Because post‑judgment
relief is statutorily authorized, a prayer for general relief will entitle
Stephenson to post‑judgment interest. 
See id.  Here, Stephenson
concluded his second amended answer with the general prayer for any and all
relief at law and in equity to which he may show himself justly entitled.  Therefore, Stephenson should have received
post‑judgment interest on his escrow award of $6,530 and his monetary
award of $44,400. 

We
grant Stephenson=s third issue in requesting post‑judgment
interest.  We remand this issue to the
trial court to calculate interest and render judgment accordingly.

IV.     Interpleader and
Homestead Proceeds

Finally,
Stephenson argues the trial court erred in entering a summary judgment on LeBoeuf=s motion for summary judgment in the
garnishment/interpleader action.  The garnishment/interpleader
action involved the same escrow funds that we discussed under the first
issue.  These funds were also the subject
of the opinion and judgment out of this Court. 
The bank holding the escrow funds simply interpleaded them into the
court=s
registry.

Stephenson
claimed in that proceeding that he was entitled to recover a total of $50,930
(the $6,530 the jury awarded from the escrow account plus his $44,000 in
attorney=s
fees) from the escrow account.  LeBoeuf moved for summary judgment[1]
because Stephenson=s claims had already been
adjudicated in the main suit and resolved by this Court on appeal, and thus
were barred by res judicata
and/or issue preclusion.  The trial court
granted the motion on this basis and we agree with the conclusion.








Res judicata
prevents the relitigation of a finally‑adjudicated
claim and related matters that were, or should have been, litigated in a prior
suit.  Lopez v. Sulak,
76 S.W.3d 597, 606 (Tex. App.CCorpus Christi 2002, no pet.).  The elements of res
judicata include the following:  (1) a prior final judgment on the merits; (2)
identity of parties; and (3) a second action based on the same claims that
could have been raised in the first action. 
Amstadt v. U.S. Brass Corp., 919 S.W.2d
644, 652 (Tex. 1996).  Here, these three
elements have been met:  the trial court
issued an amended final judgment on the merits incorporating this Court=s
opinion and stating how much each party would receive from the escrow account,
the parties are identical in both claims, and this issue was raised in the
trial court below.  Both of the parties
attempt to relitigate whether the funds in the escrow
account are from the sale of LeBoeuf=s
homestead.  At this point in the case,
that question is moot.  The jury in the
first case decided what amount of money Stephenson would receive from the
escrow account.  This Court issued an
opinion confirming precisely what amount of funds Stephenson could take from
the escrow account.  The trial court
entered a AFinal Judgment Reformed by the
Mandate of the Fourteenth Court of Appeals,@ in which it specifically stated how
much of the escrow funds would go to Stephenson and how much to LeBoeuf.  If
Stephenson thought he should have been able to reach more of the escrow funds
because of a prior judgment, he could have and should have litigated this issue
in the first trial.  He did not.  His argument is now barred by res judicata.  See id.

CONCLUSION

For
these reasons, we overrule Stephenson=s first, second, and fourth
issues.  We sustain Stephenson=s
third issue, and find that the trial court erred by not awarding post-judgment
interest on Stephenson=s judgment.  We remand that issue to the trial court to
calculate post‑judgment interest and render a judgment accordingly.

 

 

/s/        Wanda McKee Fowler

Justice

 

 

Judgment rendered and Memorandum
Opinion filed September 11, 2003

Panel consists of Chief Justice Brister, Justices Fowler and Edelman.

 











[1]  There were two
motions for summary judgment by LeBoeuf; this appeal
concerns the second one.