**AFFIRM; and Opinion Filed December 19, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01734-CV

**ROBERT KARLSENG, Appellant**
**V.**
**WELLS FARGO, N.A., Appellee**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-08-14206-K**

## MEMORANDUM OPINION
Before Justices Francis, Lang, and Stoddart
Opinion by Justice Francis

Robert Karlseng appeals the trial court's order authorizing the receiver to take possession of his income as a lawyer to satisfy a judgment. In two issues, appellant argues (1) there is no order adjudicating Wells Fargo's right to proceed as the judgment creditor and (2) his income constituted "wages" and was therefore exempt from execution. We affirm.

In August 2009, Wachovia Bank, National Association, obtained a money judgment against Karlseng. In March 2010, Wachovia merged with and into Wells Fargo, resulting in the existence of a single entity, Wells Fargo, N.A. Two years after the merger, appellee began efforts to collect on the Karlseng judgment. Appellant resisted discovery. Over the course of the proceedings, multiple postjudgment hearings were held. Ultimately, appellee sought turnover relief, the appointment of a receiver, and a temporary injunction. The trial court granted the application, appointed a receiver, and set a schedule for appellee to designate assets for turnover

and for appellant to respond. Among the assets designated was income paid to appellant, an attorney, by his law firm. Appellee asserted appellant's legal fees were not exempt, arguing appellant does not practice law in the "sort of master-servant relationship envisioned by the exemption statues," but more like an independent contractor. Attached to the designation were portions of appellant's testimony given at a previous hearing in the case and at deposition as well as tax documents. Appellant filed a response in which he asserted he is "essentially an in-house attorney that works in the title industry." He asserted he does not receive attorney's fees and is not an independent contractor. Appellant attached his affidavit. Following a hearing in the matter, the trial court granted the relief sought by appellee and authorized the receiver to take possession of appellant's income as a lawyer.

We review a trial court's postjudgment turnover order for an abuse of discretion. *Stanley v. Reef Sec., Inc.*, 314 S.W.3d 659, 663 (Tex. App.—Dallas 2010, no pet.). We will reverse a trial court's order only if we conclude the trial court acted without reference to any guiding rules or principles, in other words, in an unreasonable and arbitrary manner. *Id*. We may not reverse merely because we disagree with the trial court's decision, as long as that decision was within the court's discretionary authority. *Id*.

In his first issue, appellant argues we must vacate the order because appellee failed to obtain an order showing that appellee is the judgment creditor in this matter. Specifically, he argues the judgment was awarded to Wachovia, and appellee has "attempted to step into the shoes of Wachovia" without obtaining an order from the court. Appellant has not cited any legal authority to support his position that an order is necessary; consequently, his issue is inadequately briefed. *See* TEX. R. APP. P. 38.1(i). Moreover, the record contains a letter from the Comptroller of the Currency stating that, effective March 20, 1010, Wachovia "merged with and into Wells Fargo Bank, National Association . . . under the title of the latter." Further, the

letter stated it was the "official authorization" for appellee to operate the former main offices of Wachovia as branches of appellee. The letter was offered into evidence at one of the postjudgment hearings. Appellant did not challenge the authenticity of the document below nor does he challenge its admissibility on appeal.[1] We conclude the letter was sufficient for the trial court to conclude that appellee had authority to enforce the money judgment. We overrule the first issue.

In his second issue, appellant argues the trial court erred in ordering his income derived from his work as a lawyer be turned over to the receiver. He argued the payments were wages, which are exempt from execution.

A judgment creditor is entitled to turnover relief if the judgment debtor owns property that (1) cannot readily be attached or levied on by ordinary legal process and (2) is not exempt from attachment, execution, or seizure for the satisfaction of liability. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(a) (West 2008). A court may not order the turnover of exempt property or the proceeds of exempt property. *Id.* § 31.002(f); *Stanley*, 314 S.W.3d at 665. "Current wages" for personal services are exempt property. TEX. PROP. CODE ANN. § 42.001(b)(1) (West 2014).

Texas courts define "current wages" as used in section 42.001 of the property code to be compensation due to an employee in a master-servant relationship and expressly exclude money received by an independent contractor. *Brink v. Ayre*, 855 S.W.2d 44, 45 (Tex. App.—Houston [14th Dist.] 1993, no pet.); *Hennigan v. Hennigan*, 666 S.W.2d 322, 324 (Tex. App.—Houston [14th Dist.] 1984), *writ ref'd n.r.e.*, 677 S.W.2d 495 (Tex. 1984) (per curiam); *Brasher v. Carnation Co.*, 92 S.W.2d 573, 575 (Tex. App.—Austin 1936, writ dism'd). Thus, wages are

---

[1] The trial court sustained an objection to an email attached to the letter. As to the letter itself, appellant stated: "As to the front page, I guess it is a public record and I don't – it's a copy of a public record. So I don't want to be too strong in my objection, other than to say it's a copy of a public record. I guess it's valid. I don't know."

exempt only if they are earned in the context of an employer-employee relationship. Once a judgment creditor proves that a judgment debtor owns property, it is the judgment debtor's burden to prove that the property is exempt from turnover. *Stanley*, 314 S.W.3d at 667. The question in this case is whether the trial court abused its discretion in concluding that appellant failed to prove his income from his law firm was exempt wages paid to himself as an employee.

On appeal, both parties agree the critical test for determining whether a worker is an employee or independent contractor is the "right to control" the manner and means by which a person performs his services. Courts measure the right to control by considering (1) the independent nature of the worker's business, (2) the worker's obligation to furnish necessary tools, supplies, and materials to perform the job, (3) the worker's right to control the progress of the work except about final results, (4) the time for which the worker is employed, and (5) the method of payment, whether by unit of time or by the job. *Limestone Prods. Distrib., Inc. v. McNamara*, 71 S.W.3d 308, 312 (Tex. 2002). Examples of the type of control normally exercised by an employer include (1) when and where to begin and stop work, (2) the regularity of hours, (3) the amount of time spent on particular aspects of the work, (4) the tools and appliances used to perform the work, and (5) the physical method or manner of accomplishing the end result. *Thompson v. Travelers Indem. Co.*, 789 S.W.2d 277, 278–79 (Tex. 1990).

In his affidavit attached to his response, Karlseng asserted the following:

I am essentially an in-house attorney that works in the title industry. I do not bill by the hour and do not collect retainers. I do not bill clients at all. All fees collected by the entity which employs me are generated through a closing service in real estate transactions. When a loan is closed or a purchase is completed, the revenue obtained by the entity which employs me is through the HUD, which is paid to my employer upon the funding of the loan or sale. After my employer receives its funds, I am paid a wage.

Moreover, I do not receive wages or payments of any kind from any of the professional corporations listed in Wells Fargo's Designation. I have produced my W-2's from 2009 to 2012, and I have derived no wages from any of the

–4–

professional corporations subject to its Designation. All wages received by me have come from Karlseng, LeBlanc, & Rich, LLC. . . .

Appellant's affidavit fails to address any of the factors relevant to the issue of control. Other than to characterize himself as "essentially an in-house attorney," appellant offered no details of the relationship between him and the "entity which employs him." The "entity" is his own company, Karlseng, LeBlanc, & Rich, LLC. There is nothing in the affidavit to suggest the company controls when and where he begins and stops his work, the regularity of his hours, how much time he spends on particular aspects of his work, the tools and appliances used to perform his work, or the physical method or manner of accomplishing the end result.

As for payment, his affidavit shows his compensation is tied to the closing of loans or sale of property. Other evidence shows he and his "partner" decide how much he makes and "the decision is made when there is money in the account to pay." Although he argued he received W-2's for the services he rendered, that fact alone is not dispositive given the circumstances presented here. Further, appellant testified that both of their wives are on the company payroll. Appellant's wife received a salary of $400,000 in 2012, although she is not an "active employee" and "doesn't do anything" for the firm. She is on the payroll "[f]or retirement purposes, things like that." Given some of the evidence before the court as well as appellant's failure to present evidence on the issue of the right to control, the trial court could have reasonably questioned whether appellant's income was earned in the context of a master-servant relationship as contemplated by the statute.

Having reviewed the evidence and under the circumstances presented, we cannot say the trial court abused its discretion in determining appellant failed to show his income was exempt wages. We overrule the second issue.

–5–

We affirm the trial court's order.

_/Molly Francis/_
MOLLY FRANCIS
JUSTICE

131734F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

ROBERT KARLSENG, Appellant

No. 05-13-01734-CV          V.

WELLS FARGO, N.A., Appellee

On Appeal from the 192nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-08-14206-K.
Opinion delivered by Justice Francis;
Justices Lang and Stoddart participating.


In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's November 25, 2013 Order Granting Plaintiff's Designation of Assets (Related to Robert Karlseng Income) For Turnover To Receiver And Granting Powers and Duties of Receiver.

It is **ORDERED** that appellee WELLS FARGO, N.A. recover its costs of this appeal from appellant ROBERT KARLSENG.


Judgment entered this 19th day of December, 2014.