**Deny and Opinion Filed December 21, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00714-CV**

**IN RE: LUIZ VALDETARO, Relator**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-21-02555-D**

## MEMORANDUM OPINION

Before Justices Molberg, Goldstein, and Breedlove
Opinion by Justice Molberg

Relator Luiz Valdetaro filed a petition for writ of mandamus seeking relief from (1) an order granting Mountain Reservoir Corp.'s bill of review and (2) an order denying Valdetaro's application for turnover relief. Because we conclude the trial court abused its discretion in granting the bill of review, we conditionally grant the writ. We otherwise conclude the trial court did not abuse its discretion in denying the application for turnover relief.

## I.     Background

On June 25, 2021, Valdetaro sued Mountain Reservoir and its president, Richard Wade. Wade was served and filed a pro se answer, and citation for

Mountain Reservoir was served upon the secretary of state which then forwarded the citation to the company's registered agent.

After Mountain Reservoir failed to answer or appear, Valdetaro moved for default judgment in February 2022. The trial court granted Valdetaro's motion and rendered a final default judgment against Mountain Reservoir on May 2, 2022, for $119,456.28 plus post-judgment interest. The judgment stated Mountain Reservoir was served with citation and a copy of the petition through the secretary of state but had failed to appear.

On May 31, 2022, Mountain Reservoir filed a notice of appeal, "desir[ing] to appeal the final default judgment entered on May 2, 2022, and all rulings therein." Mountain Reservoir also filed a bill of review on August 26, 2022, in which it argued the default judgment should be set aside because Valdetaro failed to properly serve Mountain Reservoir. Mountain Reservoir argued the secretary of state forwarded the notice to its registered agent, Vcorp Services, LLC, which forwarded it to Jim Salz, the "current contact at the time to receive such notices." Mountain Reservoir contended its and Wade's relationship with Salz had been severed "long prior to July 2021." Salz did not provide Wade or Mountain Reservoir with "notice of receipt of the service of process," and the company therefore was "without knowledge of the service of process, and did not retain counsel or take any action to defend [itself.]" Mountain Reservoir argued the trial court never properly acquired personal jurisdiction over it.

–2–

On September 30, 2022, Valdetaro filed an application for turnover under civil practice and remedies code § 31.002 against Mountain Reservoir, seeking an order compelling the company to turn over its assets, including shares of stock and cash. Valdetaro alleges the trial court denied its turnover application, although no order to that effect appears in the record before us.

Mountain Reservoir dismissed its appeal and instead pursued its bill of review. Valdetaro moved for reconsideration of its application for turnover, and Mountain Reservoir responded that, because its bill of review was pending, the application should again be denied. At the hearing on the motion to reconsider, the court indicated it would deny the turnover application and would address the bill of review as soon as possible.

On February 3, 2023, the trial court granted Mountain Reservoir's bill of review. But then, on March 9, 2023, Mountain Reservoir nonsuited the bill of review and filed a new petition for bill of review on April 13, 2023, "to set forth the correct basis for the relief requested by petitioner." Mountain Reservoir again argued the default judgment should be set aside because the trial court lacked personal jurisdiction over the company because Valdetaro failed in proper service.

On April 17, 2023, the trial court denied Valdetaro's motion for reconsideration of its application for turnover relief. On July 11, 2023, the trial court granted Mountain Reservoir's second bill of review and ordered that the final default judgment was vacated and set aside.

## II.    Discussion

Valdetaro presents six issues for our review, generally challenging the trial court's granting the bill of review and denying the turnover application.  A writ of mandamus will issue if a trial court abuses its discretion and no adequate remedy by appeal exists.  *In re C.J.C.*, 603 S.W.3d 804, 811 (Tex. 2020) (orig. proceeding).  A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law.  *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding).

This Court is with the majority of Texas courts of appeals in permitting mandamus review of an interlocutory order granting a bill of review.  *See In re T.D.B.*, No. 05-17-01137-CV, 2018 WL 947905, at *4 (Tex. App.—Dallas Feb. 20, 2018, orig. proceeding) (mem. op.) (concluding no adequate appellate remedy lies from erroneously granted bill of review); *In re Reedle*, No. 05-16-01483-CV, 2017 WL 944030, at *1 (Tex. App.—Dallas Mar. 10, 2017, orig. proceeding) (mem. op.); *Schnitzius v. Koons*, 813 S.W.2d 213, 218 (Tex. App.—Dallas 1991, orig. proceeding).

### A.  Bill of review

In his third through sixth issues, Valdetaro argues the bill of review was improperly granted because Mountain Reservoir failed to exhaust available legal remedies.  Valdetaro argues the default judgment was not a surprise to Mountain

Reservoir because its president, Wade, was aware of the suit against the company and of Valdetaro's intent to serve it via the secretary of state.  Valdetaro further argues Mountain Reservoir failed to exhaust its legal remedies.

A bill of review is a direct attack on a judgment that is no longer appealable or subject to a motion for new trial. *Frost Nat. Bank v. Fernandez*, 315 S.W.3d 494, 504 (Tex. 2010).  To obtain an equitable bill of review, a petitioner must ordinarily plead and prove (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which the petitioner was prevented from making by official mistake or by the opposing party's fraud, accident, or wrongful act, (3) unmixed with the fault or negligence of the petitioner.  *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 752 (Tex. 2003).  However, when a petitioner claims a due process violation for no service or notice, it need not prove the first two elements, and the third element, lack of negligence, is conclusively established if the petitioner can prove it was never served with process.  *Mabon Ltd. v. Afri-Carib Enterprises, Inc.*, 369 S.W.3d 809, 812 (Tex. 2012).  But petitioners alleging they were not served must still prove the third and final element required in a bill of review proceeding that the judgment was rendered unmixed with any fault or negligence of their own. *Caldwell v. Barnes*, 154 S.W.3d 93, 97 (Tex. 2004).

Generally, a bill of review is available only if a party has exercised due diligence in pursuing all adequate legal remedies against a former judgment and, through no fault of its own, has been prevented from making a meritorious claim or

defense by the fraud, accident, or wrongful act of the opposing party. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999) (per curiam). We narrowly construe the grounds on which a petitioner may obtain a bill of review due to Texas's public policy favoring the finality of judgments. *Id.*

We conclude the trial court abused its discretion in granting Mountain Reservoir's bill of review on July 11, 2023. Mountain Reservoir argued in its bill of review it was not properly served and that, as a result, the trial court lacked personal jurisdiction over it. But Mountain Reservoir conceded the secretary of state was served with citation and Valdetaro's petition, and the record before us includes a certificate from the secretary of state confirming it received process on Mountain Reservoir's behalf. Thus, service of process on Mountain Reservoir was conclusively established because substitute service on the secretary was permitted here. Mountain Reservoir did not contest that the secretary of state was an authorized agent for service of process, only that service was deficient. Mountain Reservoir had the burden to prove that service on the secretary of state was improper, and it did not carry that burden. *See Mabon Ltd.*, 369 S.W.3d at 812. Rather, the fault was Mountain Reservoir's in failing to inform its registered agent of a new contact person for receiving citation and petition. *See Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004) (per curiam) (party that "failed to update addresses for its registered agent and registered office" and thus "never received anything the

–6–

Secretary sent" was "negligent in failing to comply with its statutory duties" and its bill of review was thus properly denied).

In reaching this conclusion, we necessarily reject Mountain Reservoir's argument that the trial court's July 11, 2023 order granting the second bill of review was superfluous. Mountain Reservoir contends the trial court had already entered a final judgment on the bill of review in the first proceeding, that its own nonsuit was ineffective because it was filed more than 30 days after that judgment was rendered, and the order granting the second bill of review was thus meaningless. This argument misunderstands bill of review proceedings. If a bill of review is granted, a second step follows that requires adjudication of whether the bill of review defendant has proved the elements of his original cause of action. *See Cleburne Foods, LLC v. Zawideh*, No. 05-18-00436-CV, 2018 WL 3968486, at *2 (Tex. App.—Dallas Aug. 20, 2018, no pet.) (mem. op.). This subsequent trial on the merits of the original cause of action "occurs in the same proceeding as the trial on the bill of review." *Id.* (quoting *Hartford Underwriters Ins. v. Mills*, 110 S.W.3d 588, 590 (Tex. App.—Fort Worth 2003, no pet.)). An order granting a bill of review and setting aside a prior judgment that does not dispose of all the issues of the case on the merits is therefore interlocutory and not a final judgment. *Id.*

Thus, the trial court's February 3, 2023 order granting the first bill of review was interlocutory and the trial court's plenary power had not expired when Mountain Reservoir nonsuited its bill of review. However, we must address the further

–7–

question of whether Mountain Reservoir was able to nonsuit the bill of review proceeding given that the trial court had already granted the bill.

The general rule is a plaintiff has the right to take a nonsuit at any time until it introduces all evidence other than rebuttal evidence. *Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853, 854–55 (Tex. 1995) (per curiam). Such a nonsuit may have the effect of vitiating earlier interlocutory orders; "[a] decision on the merits, such as a summary judgment, however, is not vitiated." *Id.* A nonsuit sought after such a decision results in "a dismissal with prejudice as to the issues pronounced *in favor of the defendant*." *Id.* (emphasis added). Without such a rule, "the plaintiff could in effect avoid any summary judgment by merely requesting a nonsuit after the case was adjudicated by the summary judgment." *Id.* at 855. The import of *Alvarado* and related cases is that a party who has had his claims adjudicated unsuccessfully cannot later nonsuit his claims to avoid the judgment. *Curry v. Bank of Am., N.A.*, 232 S.W.3d 345, 354 (Tex. App.—Dallas 2007, pet. denied).

Here, Mountain Reservoir was not seeking to undo an adverse merits decision but a favorable preliminary decision. That makes this case like *In re Baxter*, No. 05-16-01174-CV, 2016 WL 6099547, at *2 (Tex. App.—Dallas Oct. 19, 2016, no pet.) (mem. op.), where the real parties in interest sought a court order pursuant to rule 202 authorizing a pre-suit deposition. After the trial court issued such an order and before the deposition was taken, the real parties nonsuited the proceeding without prejudice to refiling the petition. *Id.* at *1.

–8–

The relator filed a petition for writ of mandamus to have the rule 202 petition dismissed with prejudice, arguing that *Alvarado* meant the real parties' nonsuit was ineffective following the trial court's ruling on the petition. *Id.* This Court concluded *Alvarado* did not apply because it was "not a situation where a plaintiff loses on one claim and seeks to nonsuit the entire case in an effort to avoid the effect of the adverse order" and the trial court's ruling on the rule 202 petition was not a ruling on the merits. *Id.* at *2. Instead, "the real parties in interest obtained a favorable ruling (the order compelling the deposition) and then relinquished the right to take the deposition and nonsuited their rule 202 petition entirely." *Id.* The real parties in interest were therefore entitled to nonsuit the petition. *Id.*

When it comes to the effect of a nonsuit, rule 202 petitions are analogous to petitions for bill of review. Although rule 202 proceedings do not assert substantive claims or causes of action, *see Bennett v. Zucker*, No. 05-19-01445-CV, 2021 WL 3701365, at *4 (Tex. App.—Dallas Aug. 20, 2021, pet. denied) (mem. op.), the petitioner has the burden to produce evidence to support required findings under the rule, *see In re EMR (USA Holdings) Inc.*, No. 05-19-00286-CV, 2019 WL 1198831, at *1 (Tex. App.—Dallas Mar. 14, 2019, orig. proceeding) (mem. op.); TEX. R. CIV. P. 202.4(a). Likewise, the first step of a bill of review proceeding is ancillary to the underlying claims and does not assert a cause of action or substantive claim, and the petitioner has the burden to prove the bill of review standard. Furthermore, just as in *Baxter*, the real party in interest here obtained a *favorable* ruling when the trial

court granted Mountain Reservoir's original petition for bill of review. Accordingly, we conclude *Alvarado* did not preclude Mountain Reservoir from nonsuiting its petition for bill of review after the trial court had granted the petition in the first step of the proceeding.

Given the above, we conclude the trial court abused its discretion and Valdetaro has no adequate remedy by appeal. Accordingly, we conditionally grant relator's petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate its July 11, 2023, order granting Mountain Reservoir's petition for bill of review and issue a new order denying Mountain Reservoir's April 13, 2023, petition for bill of review.

### B. Turnover order

Valdetaro also contends the trial court abused its discretion in denying his application for turnover because Mountain Reservoir has not done anything to suspend enforcement of the judgment and has failed to offer any defense to the application other than the filing of a bill of review. Valdetaro argues the stock certificates it seeks are properly the subject of a turnover order "because they are not easily located and may be outside" of Texas.

The Texas turnover statute provides judgment creditors with a procedural device to assist them in satisfying their judgment debts. *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co., L.P.*, 540 S.W.3d 577, 581 (Tex. 2018) (citing TEX. CIV. PRAC. & REM. CODE § 31.002). Under the statute, a judgment

–10–

creditor may seek court assistance in reaching a judgment debtor's property that is difficult to attach or levy on by ordinary legal process. *Id.* (citing *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 224 (Tex. 1991)). "The court may," among other things, "order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control." TEX. CIV. PRAC. & REM. CODE § 31.002(b)(1).

As the just-quoted "may" language makes clear, a turnover order under subsection (b)(1) lies within the sound discretion of the trial court. *See id.*; *Brink v. Ayre*, 855 S.W.2d 44, 46 (Tex. App.—Houston [14th Dist.] 1993, no writ) ("The language, therefore, is discretionary, as opposed to mandatory. And the requested turnover relief is directed to the sound discretion of the trial court."). The trial court may consider other relevant factors in deciding whether to grant, deny, or modify turnover relief. *Brink*, 855 S.W.2d at 46.

We conclude Valdetaro has failed to show the trial court abused its discretion in denying his application for turnover relief and his motion for reconsideration. Valdetaro's argument seems to imply the trial court was required to grant his application if he made a particular showing under the turnover statute. But, as discussed above, the trial court's decision was discretionary. *See* TEX. CIV. PRAC. & REM. CODE § 31.002(b)(1). Furthermore, Valdetaro has failed to demonstrate that he satisfied all the requirements of the turnover statute, namely, that Mountain Reservoir is the owner of the stocks, the property could not be readily attached, and

–11–

the property is not exempt from attachment, execution, or seizure for the satisfaction of liabilities. *Id.* § 31.002(a). Finally, we observe that the trial court indicated it was denying reconsideration of the turnover application so it could decide the petition for bill of review first. Given our above resolution of the bill of review issue, Valdetaro is free to revisit the turnover question in the trial court. We deny Valdetaro's petition for writ of mandamus on this issue.

230714f.p05

/Ken Molberg/
KEN MOLBERG
JUSTICE